UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IVAN ALBERT SMITH, JR.,

    Petitioner,

v.                                                      CASE NO. 6:16-cv-1002-Orl-31KRS
                                                               (6:10-cr-202-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case involves a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Ivan Albert Smith, Jr. The Government filed a motion to dismiss Petitioner's § 2255 motion (Doc. 4) and a supplemental response (Doc. 15). Petitioner filed a response in opposition to the motion to dismiss (Doc. 8) but did not file a reply to the supplemental response.

Petitioner asserts that his designation as a career offender, his conviction and sentence for possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and his sentence pursuant to 21 U.S.C. § 851 violate his right to due process. (Doc. 8 at 2-11). For the following reasons, the Court concludes that the motion is untimely, otherwise without merit, and must be dismissed.

                                      **I.**        **PROCEDURAL HISTORY**

Petitioner was charged by indictment with possession of a firearm by a convicted felon (Count One) in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), distribution and

possession with intent to distribute five grams or more of cocaine (Count Two) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possessing a firearm in furtherance of a drug trafficking crime (Count Three) in violation of 18 U.S.C. § 924(c). (Criminal Case No. 6:10-cr-202-Orl-31KRS, Doc. 1).[1] Petitioner pled guilty to all counts. (*Id.* at Doc. Nos. 62, 67, 90). On February 3, 2011, this Court entered Judgment, sentencing Petitioner to concurrent 72-month terms of imprisonment for Counts One and Two and to a consecutive 60-month term of imprisonment for Count Three. (*Id.* at Doc. 71). The Government appealed but subsequently moved to dismiss the appeal. The Eleventh Circuit Court of Appeals dismissed the appeal with prejudice on August 10, 2011. (*Id.* at Doc. 80).

## II.   ANALYSIS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Criminal Case No. 6:10-cr-202-Orl-31KRS will be referred to as "Criminal Case."

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under the time limitation set forth in § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion. Petitioner's conviction became final on November 8, 2011. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Sup.Ct. R. 13.3 (the time to file a petition for writ of certiorari runs from the date of the entry of judgment or order sought to be reviewed, not the date mandate is issued). Thus, Petitioner had through November 9, 2012, to file a 28 U.S.C. § 2255 motion under Section 2255(f)(1). However, the instant proceeding was not filed until June 6, 2016.

Petitioner maintains that § 2255(f)(3) is applicable based on the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *See* Doc. 1. The Supreme Court held that the newly recognized right established in *Johnson* as to the ACCA applies retroactively. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Petitioner seeks to extend the holding of *Johnson* to the Sentencing Guidelines, § 924(c), and § 851. However, *Johnson* does not extend to the Sentencing Guidelines, to § 924(c), or to § 851. *See, e.g., Beckles v. United States,* 137 S. Ct. 886 (2017); *Ovalles v. United States*, 861 F.3d 1257, 1266 (11th Cir. 2017); *Mitchell v. United States*, 123 F. Supp. 3d 1351,

1355 (M.D. Fla. 2015). This is particularly true when application of the career offender enhancement is based on prior convictions for controlled substance offenses and the § 924(c) conviction is premised on the possession of a firearm in furtherance of a drug trafficking offense. *See, e.g., United States v. Hill*, 652 F. App'x 835, 836 (11th Cir. 2016) (sale of cocaine qualifies as career offender predicate controlled substance offense). Neither the Supreme Court of the United States nor the Eleventh Circuit Court of Appeals has held that *Johnson* applies to the Sentencing Guidelines, § 924(c), or § 851. Consequently, the instant action is untimely. *See, e.g., Buford v. United States*, No. 2:16-CV-8093-KOB, 2016 WL 7156065, at *2 (N.D. Ala. Dec. 8, 2016) (holding § 2255 motion was untimely because the court did not sentence the petitioner under the residual clause of the ACCA and his conviction under § 924(c) did not involve a crime of violence).

Nevertheless, even assuming *Johnson* applied retroactively to the Sentencing Guidelines, § 924(c), and § 851, a finding not made by this Court, Petitioner would not benefit from *Johnson*. Petitioner's career offender enhancement was premised on his prior convictions for sale of cocaine and possession of cocaine with intent to sell, which qualify as controlled substance offenses under § 4B1.2(b). *See* Doc. 4-1 at 8; *see also Hill*, 652 F. App'x at 836. Likewise, Petitioner's conviction for violation of § 924(c) was premised on his possession of a firearm in furtherance of a drug trafficking offense, not a crime of violence. Finally, "'*Johnson* had no impact on the applicability of 21 U.S.C. § 851[.]' *Allen v. United States*, No. 2:03-CR-74-FTM-29, 2017 WL 631546, at *2 (M.D. Fla. Feb. 15, 2017). Thus, Petitioner's sentences and convictions are not implicated by the holding of *Johnson*. *See, e.g, United States v. Jones*, No. 8:09-CR-440-T-30TGW, 2016 WL 9108854, at *2 (M.D.

Fla. July 19, 2016) (concluding *Johnson* did not implicate the petitioner's sentence under § 924(c) because he committed a drug trafficking crime, not a crime of violence).

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED** with prejudice, and this case is **DISMISSED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:10-cr-202-Orl-31KRS and to terminate the motion (Criminal Case Doc. 88) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1
Ivan Albert Smith, Jr.
Counsel of Record